UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marc Bernstein, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MP Materials Corp. f/k/a Fortress Value Acquisition Corp., et al.,<br><br>Defendants. | Case No. 2:22-cv-00315-CDS-DJA<br><br>**Order** |

This is a federal securities class action arising out of alleged misrepresentations that Defendants MP Materials Corp.; James H. Litinsky; Ryan Corbett; Andrew A. McKnight; and Daniel N. Bass allegedly made regarding MP Materials. Plaintiff Marc Bernstein sues Defendants for damages—on his behalf and on behalf of other investors—alleging violations of the Securities and Exchange Act. Fellow investors Denis Bourque, Carmelo Zappulla, and Mark Jurkiewicz all moved to be appointed lead plaintiff. (ECF Nos. 12, 13, 15).

No party objected to Bourque's motion. Zappulla and Jurkiewicz later filed responses conceding that they did not have the greatest financial stake in the outcome. (ECF Nos. 16, 17). Neither Zappulla nor Jurkiewicz argued that Bourque would not adequately represent the class.

Because the Court finds that Bourque is the most adequate plaintiff, and because no party has objected to his appointment, it grants Bourque's motion. (ECF No. 12). It denies Zappulla and Jurkiewicz's motions as moot. (ECF Nos. 13, 15). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Discussion.**

Under the Private Securities Litigation Reform Act ("PSLRA"), the court must select the lead plaintiff that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the statute, "most capable" is read as the plaintiff "who has the

greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The PSLRA sets out a three-step process that the court must follow when selecting a lead plaintiff. *Gunderson v. Klondex Mines Ltd.*, No. 3:18-cv-00256-LRH-CBC, 2018 WL 6620875, at *2 (D. Nev. Dec. 18, 2018).

First, the Court will determine if the motion is timely. Second, the Court will determine which plaintiff is presumptively the most adequate by demonstrating the largest financial interest and satisfying the requirements of Rule 23, particularly, typicality and adequacy. Third, the Court will consider whether any party has rebutted the presumption.

### A. *Bourque's motion is timely.*

First, the plaintiff to first file an action must post notice of the pending action "in a widely circulated national business-oriented publication or wire service," which must state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-(a)(3)(A)(i). The statute gives lead plaintiffs of the purported class sixty days from the notice to move the court to serve as lead plaintiff. *Id.* Here, Plaintiff Marc Bernstein filed a notice on February 22, 2022. (ECF No. 12-2). Purported lead plaintiffs had until April 25, 2022 to file their motions. (*Id.* at 2). Bourque timely filed his motion on April 25, 2022. (ECF No. 12).

### B. *Bourque demonstrates the largest financial interest, typicality, and adequacy.*

Second, the court must determine which plaintiff is presumptively most adequate. *Gunderson*, 2018 WL 6620875, at *2. The plaintiff will have (1) filed the complaint or motioned the court following notice; (2) "the largest financial interest in the relief sought by the class"; and (3) otherwise satisfy Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To determine the largest financial interest, "the court may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Once the court identifies the plaintiff with the largest financial interest, the court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* a 730. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members

have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 9th Cir. 1992) (internal quotation marks omitted).  The adequacy requirement is satisfied by showing the plaintiff and his or her counsel do not "have any conflicts of interest with other class members," and are able and willing to "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Bourque is presumptively the most adequate plaintiff.  Undisputed by other potential lead plaintiffs and Bernstein, Bourque has the largest financial interest because he has suffered the greatest financial loss.  Bourque attaches his financial interest analysis to his motion, which demonstrates that he lost $118,225.71 investing in MP Materials Corp.  (ECF No. 12-4). Jurkiewicz and Zappulla—both of whom initially filed motions to be appointed as lead plaintiffs—have also conceded that they do not have the largest financial interest in the litigation. (ECF No. 16) (Jurkiewicz's non-opposition to competing motions for appointment as lead plaintiff); (ECF No. 17) (Zappulla's response to competing motions for appointment as lead plaintiff stating that Zappulla "recognizes he did not suffer the greatest loss").  Because Bourque, Jurkiewicz and Zappulla have analyzed their financial interest in the litigation using their losses, the Court finds that this method is both rational and consistently applied. *Compare* (ECF No. 12-4) *with* (ECF No. 13 at 6) (totaling Zappulla's losses at $33,522) *and* (ECF No. 15 at 11) (totaling Jurkiewicz's losses at $26,531).

Bourque also satisfies the requirements of Rule 23, particularly typicality and adequacy. He has suffered the same injury as other plaintiffs because he has suffered the same losses in the value of his stock as they have.  Other plaintiffs have been injured in the same way by the same alleged course of conduct because they each allege losses suffered as a result of Defendants deceiving investors.  Bourque also asserts that there are no conflicts of interest between him and other class members and his high losses means that he will vigorously prosecute the action (ECF No. 12 at 9).

C.      ***No party has rebutted the presumption.***

The final step of the analysis allows other plaintiffs the opportunity to rebut the presumption that the plaintiff with the largest financial interest satisfies the requirements of

1  typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). To rebut the presumption, it must be
2  proved that the plaintiff "will not fairly and adequately protect the interests of the class; or is
3  subject to unique defenses that render such plaintiff incapable of adequately representing the
4  class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). While "[t]he district court has latitude as to what
5  information it will consider in determining typicality and adequacy," it is not for the court to
6  determine which plaintiff is "more typical" or "more adequate." *Cavanaugh*, 306 F.3d at 732. If
7  the plaintiff with the largest losses satisfies the Rule 23 requirements, the court must appoint him
8  lead even if the "court is convinced that some other plaintiff would do a better job." *Id.*

9  Here, no party has opposed Bourque's motion to be appointed lead plaintiff. In their non-
10 opposition and response, respectively, neither Jurkiewicz nor Zappulla assert that Bourque will
11 not fairly and adequately protect the interest of the class or is subject to unique defenses. (ECF
12 Nos. 16, 17). Thus, no party has rebutted the presumption that he is the most adequate plaintiff.

13     ***D.     The Court approves Bourque's counsel.***

14 The PSLRA provides that once the Court selects a lead plaintiff, that plaintiff "shall,
15 subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C.
16 § 78u-4(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is entrusted to
17 the discretion of the district court. *Daniels Family 2001 Revocable Trust v. Las Vegas Sands*
18 *Corp.*, No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301, at *3 (D. Nev. Jan. 5, 2021). Having
19 reviewed the materials provided by Bourque's selected counsel—Glancy Prongay & Murray LLP
20 as lead counsel and the Aldrich Law Firm, Ltd. as liaison counsel—the Court finds that the firms
21 are capable of serving in their respective roles. Both firms have experience in securities litigation
22 and class actions and have demonstrated familiarity with their respective roles. The Court will
23 thus grant Bourque's motion for selection of counsel

**IT IS THEREFORE ORDERED** that Bourque's motion for appointment as lead plaintiff and approval of counsel (ECF No. 12) is **granted.**

**IT IS FURTHER ORDERED** that Zappulla's motion for appointment as lead plaintiff and approval of selection of counsel (ECF No. 13) is **denied.**

**IT IS FURTHER ORDERED** that Jurkiewicz's motion for appointment as lead plaintiff and appointment of counsel (ECF No. 15) is **denied.**

DATED: June 27, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE